ANTHONY L. MARTIN
Nevada Bar No. 8177
anthony.martin@ogletree.com
AMY L. HOWARD
Nevada Bar No. 13946
amy.howard@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888
*Attorneys for Defendant EAN Services, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CURTIS COBBINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EAN SERVICES, LLC, a Foreign Limited Liability Company; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>Defendants. | Case No.:<br><br>[District Court Case No. A-20-815524-C]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367 AND 1441** |

**TO:   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

PLEASE TAKE NOTICE that EAN Services, LLC ("Defendant"), by and through its undersigned counsel, hereby files this Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1331, 1367 and 1441 ("Notice") of this case from the Eighth Judicial District Court of the State of Nevada, in which it is now pending, to the United States District Court for the District of Nevada. The federal question jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and supplemental jurisdiction over state law claims is invoked under 28 U.S.C. § 1367.

. . .

## I. Introduction

This lawsuit involves a dispute arising from Plaintiff Curtis Cobbins' ("Plaintiff") employment with and separation from Defendant. Plaintiff's State Court Action, in part, alleges claims under the Americans with Disabilities Act Amendments Act (ADAAA) and the corresponding state statute. The lawsuit also contains a state common law claim based upon the same set of alleged operative facts.

## II. This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331

### A. Plaintiff's Claims Assert a Federal Question

Plaintiff's Complaint asserts three distinct causes of action, including (1) Violation of 42 U.S.C. § 12112, *et seq.*, and NRS 613.310 – Failure to Accommodate; (2) Retaliation; and (3) Wrongful Termination. (A true and correct copy of the Plaintiff's Complaint ("Complaint") is attached hereto as **Exhibit A**.) Plaintiff states that the Defendant is an employer within the meaning of the ADAAA, 42 U.S.C. § 12112 *et seq.* and that Plaintiff's condition qualifies as a disability under the ADAAA. (*See id.* at ¶¶ 10, 13.) Plaintiff also states that he was engaged in an activity protected by the ADAAA and as a result of exercising his rights under the ADAAA, he was subject to different terms and conditions of employment. (*See id.* at ¶¶ 41, 44.) Accordingly, Plaintiff's Complaint presents federal questions over which this Court has jurisdiction under 28 U.S.C. § 1331.

### B. This Court Has Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims Under 28 U.S.C. § 1367

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action, "that they form part of the same case or controversy under Article III of the United Stated Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact… such that [the plaintiff] would ordinarily be expected to try the all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, Plaintiff's Third Cause of Action – Wrongful Termination, is related to Plaintiff's employment with Defendant. This claim arises out of a common nucleus of operative fact:

Plaintiff believes he was subjected to unlawful practices related to his employment with and separation from Defendant.

Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. §1367(c). Thus, removal is proper under 28 U.S.C. §1441(c).

### III. State Court Action

Pursuant to the requirements set forth in 28 U.S. Code §1446(a), the following is a list of the underlying pleadings, motions and filings that are part of the court record:

1. Plaintiff filed this action against Defendant in the Eighth Judicial District Court of the State of Nevada on May 26, 2020, Case No. A-20-815524-C (the "State Court Action"). (*See* **Exhibit A**.)

2. Plaintiff filed his Initial Appearance Fee Disclosure on May 26, 2020. (A true and correct copy of the Initial Appearance Fee Disclosure attached hereto as **Exhibit B**.)

3. Plaintiff filed his Demand for Jury Trial on May 26, 2020. (A true and correct copy of the Plaintiff's Demand for Jury Trial attached hereto as **Exhibit C**.)

4. Defendant was served on June 29, 2020. (A true and correct copy of the Affidavit or Proof of Service or Notice of Service of Process is attached hereto as **Exhibit D**.)

### IV. This Removal Is Timely

Plaintiff served the only named Defendant on June 29, 2020. As this Notice is being filed on July 20, 2020, less than 30 calendar days after the Complaint was served on Defendant, the removal is timely.

### V. Requirements For Removal

Defendant has met all other requirements for removal as follows:

1. Defendant attached to this Notice as **Exhibit A** through **Exhibit D**, copies of "all

- 3 -

process, pleadings and orders" served upon it pursuant to 28 U.S.C. § 1446(a).

2. Defendant has also concurrently filed a copy of this Notice in the Eighth Judicial District Court for the State of Nevada.

3. Defendant has served a copy of this Notice upon Plaintiff's counsel.

4. Defendant is the only named Defendant in this action, therefore all Defendants have been served and consent to the removal of Plaintiff's action.

5. This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

## VI. Conclusion

Removal of this action is proper under 28 U.S.C. §1441(a) and (c) because it is a civil action brought in a State Court. Defendant is removing it to the United States District Court for the District of Nevada, which is the Federal Court for the district and division in which the State Court Action is pending.

The District Courts of the United States have original jurisdiction under 28 U.S.C. §1331 because Plaintiff's suit involves questions of federal law, specifically, the ADAAA.

DATED this 20th day of July, 2020.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

        */s/ Amy L. Howard*
        Anthony L. Martin
        Nevada Bar No. 8177
        Amy L. Howard
        Nevada Bar No. 13946
        3800 Howard Hughes Parkway
        Suite 1500
        Las Vegas, NV 89169
        *Attorneys for Defendant EAN Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367 AND 1441** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Richard A. Harris
Burke Huber

Pursuant to FRCP 5(b), I hereby further certify that service of the foregoing was also made this day by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, addressed to the following:

Richard A. Harris
Burke Huber
Richard Harris Law Firm
801 S. Fourth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

DATED this 20th day of July, 2020.

/s/ Carol Rojas
An Employee of OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C.