**EXHIBIT A**

Electronically Filed
5/26/2020 5:03 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-20-815524-C
Department 11

**COMP**
RICHARD A. HARRIS, ESQ.
Nevada Bar No. 505
BURKE HUBER, ESQ.
Nevada Bar No. 10902
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: Burke@RichardHarrisLaw.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

CURTIS COBBINS, an individual;

    Plaintiff,

vs.

EAN SERVICES, LLC, a Foreign Limited Liability Company; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,

    Defendants.

CASE NO:
DEPT NO.:

**COMPLAINT**

COMES NOW, Plaintiff, CURTIS COBBINS ("Plaintiff"), by and through his counsel, BURKE HUBER, ESQ. of the RICHARD HARRIS LAW FIRM, and for his causes of action against Defendants, complains and alleges as follows:

1

## JURISDICTION

1. At all times relevant, Plaintiff was and is a resident of Clark County, State of Nevada.

2. At all times relevant, Plaintiff, was and is an employee of EAN SERVICES, LLC ("Defendant").

3. At all times relevant herein, upon information and belief, Defendant is a Foreign Limited-Liability Company licensed to conduct business in the State of Nevada.

4. The events that give rise to Plaintiff's complaint occurred in Clark County, Nevada.

5. Venue is proper in this judicial district because the complained of conduct occurred in this judicial district.

6. The true names and capacities of the Defendants designated herein as Doe or Roe individuals, political subdivisions or corporations are presently unknown to Plaintiff at this time, who therefore sue said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

7. That at all times pertinent, Defendants were agents, servants, employees or joint venturers of Defendant and one another, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

8. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants were the agents, employees and representatives of the other Defendants and in doing the things hereinafter alleged were in part, acting within the scope and authority of such relationship, and in part, acting outside the scope and authority of such relationship, and as such each is responsible and liable in some manner for the occurrences herein alleged and were approximate cause of Plaintiff's damages as herein alleged.

## AMERICANS WITH DISABILITIES ACT VIOLATIONS

9. In November of 2015, Defendant hired Plaintiff as an Escalation Support Coordinator.

10. Defendant is an employer, within the meaning of the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. § 12112, et seq., and NRS 613.310.

11. At all times mentioned in this Complaint, Plaintiff suffered from severe asthma.

12. Plaintiff's asthma substantially limits major life activities which include but are not limited to: working, sleeping, exercising, walking, running and breathing.

13. Plaintiff's condition qualifies as a disability under ADAAA and NRS 613.310.

14. At all times relevant, Plaintiff was and is a qualified individual, who with accommodation, can perform the essential functions of his position.

15. In May of 2016, Plaintiff notified Defendant of his disability and also requested accommodations such as time to go to his doctor and time to take medication.

16. In response, Defendant informed Plaintiff that there were no available accommodations because Plaintiff did not qualify for the Family Medical Leave Act (FMLA).

17. Defendant's discriminatory conduct created a hostile environment that resulted in Plaintiff being constructively terminated from his position.

18. Plaintiff filed a complaint for disability discrimination and retaliation with Nevada Equal Rights Commission (NERC).

19. On or around October 28, 2020, NERC found that there was probable cause to support Plaintiff's allegations of disability discrimination, resulting in constructive discharge.

20. On or around May 22, 2020, the Equal Employment Opportunity Commission issued a right to sue notice.

21. Plaintiff has exhausted his administrative remedies and is authorized to bring his claim in a court of competent jurisdiction.

**FIRST CLAIM FOR RELIEF**
**(Plaintiff's Cause of Action for Violation of 42 U.S.C. § 12112, et seq., and NRS 613.310 – Failure to Accommodate**
**Against Clark County)**

22. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

3

23. At all times mentioned in this Complaint, Plaintiff suffered from asthma.

24. Plaintiff's asthma substantially limited major life activities and is a disabled person under the ADAAA and NRS 613.310.

25. In May of 2016, Plaintiff notified Defendant of his disability and made reasonable requests for accommodations.

26. Defendant had a duty to provide a reasonable accommodation to the disabled.

27. Plaintiff's requests were reasonable and should have been allowed.

28. Plaintiff is a qualified individual, who with accommodation, can perform the essential functions of his position.

29. If Plaintiff's reasonable requests had been afforded by Defendant, Plaintiff could have performed the essential functions required of an Escalation Support Coordinator.

30. These reasonable requests would have resulted in Plaintiff performing at a higher level and reaching and exceeding his job's expectations and perform his position's essential functions.

31. Because of Plaintiff's disability, Defendant treated Plaintiff in a hostile manner and created a hostile work environment that was severe and pervasive.

32. Plaintiff was subjected to different terms and conditions of employment because of his disability.

33. As a result of Defendant's conduct by failing to recognize Plaintiff as disabled and denying Plaintiff's accommodations, Plaintiff was constructively terminated.

34. As a direct, foreseeable, and proximate result of Defendant's discriminatory acts and failures to accommodate, Plaintiff suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

35. As a direct, foreseeable, and proximate result of Defendant's discriminatory acts and failures to accommodate Plaintiff suffered wage loss, pension benefit losses, promotional losses, and vacation/sick pay losses.

36. As a result of Defendant's discrimination and failure to accommodate and mistreatment, Plaintiff is entitled to front pay, back pay and reinstatement.

37. As a result of Defendant's discrimination and failure to accommodate and mistreatment, Plaintiff has incurred attorney fees and costs and continues to incur attorney fees and costs and is entitled to recover attorney's fees and costs.

38. Plaintiff is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Plaintiff to recover punitive damages from Defendant in an amount according to proof at trial.

39. Defendant's actions as described herein, constitute harassment, retaliation, discrimination, and failure to accommodate and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00.

## SECOND CLAIM FOR RELIEF
**(Retaliation against Defendant Clark County)**

40. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

41. Plaintiff engaged in an activity protected by the ADAAA when he informed Defendant about his disabilities and requested accommodations.

42. Defendant retaliated against Plaintiff because of his disability and for requesting accommodations for his disability by forcing him to obtain doctor's notes for leaves of absences.

43. Defendant's treatment created a hostile work environment that was severe and pervasive.

44. As a result of exercising his rights under the ADAAA, Plaintiff was subjected to different terms and conditions of employment because of his disability.

45. Defendant's hostile treatment of Plaintiff forced him to leave his employ and constitutes constructive termination.

5

46. As a direct, foreseeable, and proximate result of Defendant's discriminatory acts and failures to accommodate Plaintiff suffered wage loss, pension benefit losses, promotional losses, and vacation/sick pay losses.

47. As a result of Defendant's discrimination and failure to accommodate and mistreatment, Plaintiff is entitled to front pay, back pay and reinstatement.

48. As a result of Defendant's discrimination and failure to accommodate and mistreatment, Plaintiff has incurred attorney fees and costs and continues to incur attorney fees and costs and is entitled to recover attorney's fees and costs.

49. As a result of Defendant's retaliation, Plaintiff is entitled to front pay, back pay and reinstatement.

50. Plaintiff is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Plaintiff to recover punitive damages from Defendant in an amount according to proof at trial.

51. Defendant's actions as described herein, constitute retaliation and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00.

### THIRD CLAIM FOR RELIEF
**(Wrongful Termination Against Defendant)**

52. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

53. Plaintiff exercised his protected right by notifying Defendant of his disability and requesting an accommodation.

54. As a result, Defendant mistreated Plaintiff to such an extent that it caused Plaintiff's constructive termination.

55. Defendant terminated Plaintiff because he requested accommodations.

56. As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff suffered and continues to suffer, substantial losses in earnings, job benefits,

6

humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

57. As a result of Defendant's discrimination and failure to accommodate and mistreatment, Plaintiff has incurred attorney fees and costs and continues to incur attorney fees and costs and is entitled to recover attorney's fees and costs.

58. Plaintiff is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Plaintiff to recover punitive damages from Defendant in an amount according to proof at trial

59. Defendants' actions as described herein, constitute a wrongful termination, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages to be determined at the time of trial;
3. Any and all Statutory remedies;
4. Punitive damages;
5. Front pay;
6. Back pay;
7. Medical and incidental expenses already incurred and to be incurred;
8. Lost earnings and earning capacity;
9. Reasonable attorney's fees and costs of suit;

7

10. Injunctive relief;

11. Declaratory relief;

12. Interest at the statutory rate; and,

13. For such other relief as this Court deems just and proper.

DATED THIS 26th day of May, 2020.

**RICHARD HARRIS LAW FIRM**

*Burke Huber*

_____
BURKE HUBER, ESQ.
Nevada Bar No. 10902
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*